IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GWENDOLYN BOGGS,                      :
                                      :
     Plaintiff,                       :
                                      :
vs.                                   :
                                      :    CIVIL ACTION 13-0515-M
CAROLYN W. COLVIN,                    :
Social Security Commissioner,         :
                                      :
     Defendant.                       :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 11). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 15). Oral argument was waived in this action (Doc. 17). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health

1

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty-two years old, had completed a high school education (Tr. 42), and had previous work experience as a file clerk and a medical records clerk (Tr. 44). In claiming benefits, Boggs alleges disability due to degenerative disc disease of the lumbar spine, myofascitis, diabetes mellitus, myositis pain, and headaches (Doc. 11 Fact Sheet).

The Plaintiff filed protective applications for disability benefits and SSI on November 23, 2010 (Tr. 156-63; *see also* Tr. 22). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Boggs had severe impairments, she was capable of performing her past relevant work as a file clerk and medical records clerk (Tr. 22-31). Plaintiff requested review of the hearing decision (Tr. 14-15) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Boggs alleges that: (1) The ALJ did not pose complete hypothetical questions to the vocational expert (hereinafter *VE*); and (2) the ALJ did not make specific findings of fact as to the demands of her past work (Doc. 11). Defendant has responded to—and denies—these claims (Doc. 12). The Court notes that, because of the nature of the claims raised in this action, it will be unnecessary to summarize the medical evidence herein.

Plaintiff's first claim is that the ALJ did not pose complete hypothetical questions to the VE. The Eleventh Circuit Court of Appeals has held that an ALJ's failure to include severe impairments suffered by a claimant in a hypothetical question to a VE to be reversible error where the ALJ relied on that expert's testimony in reaching a disability decision. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985).

One component of Boggs's claim is that the ALJ did not include all of her mental impairments in the hypothetical (Doc. 11, p. 5). The Court finds that the ALJ did not include any mental impairments in his questions to the VE (Tr. 61-69). However, the ALJ specifically found that Plaintiff had no mental impairments (Tr. 25). At most, the ALJ found that Boggs had mild limitation in her ability to concentrate (Tr. 26). The ALJ's finding of only a mild limitation, along with the

3

determination that she suffered no episodes of decompensation, was the basis for his conclusion that Boggs had no severe mental impairments (Tr. 26).

In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1181 (11th Cir. 2011), the Eleventh Circuit Court of Appeals held that, after determining that a claimant had a moderate limitation in maintaining concentration, persistence, or pace, an ALJ had to either determine that the limitation would not affect the claimant's ability to work or include that limitation as part of the hypothetical question to the VE. The Court finds that *Winschel* is not applicable here as Boggs's limitation was found to be only mild.

Plaintiff also asserts that the first hypothetical was confusing in that the VE asked a question that was not, apparently, answered by the ALJ. Boggs goes on to assert that the responses given by the VE to the first and third hypothetical questions were inconsistent with each other.

The Court notes that although the VE questioned the ALJ as to whether or not "simple, routine" tasks were included in the first hypothetical question and that there is no evidence in the record as to how the ALJ specifically answered, it is apparent that the question was answered to the VE's satisfaction (*see* Tr. 62). Nevertheless, the Court finds that the only response that the ALJ could have given that would make sense, in context, is

4

an affirmative answer.  A negative response by the ALJ would have meant that the hypothetical question would have been as follows:  Assuming a person of Plaintiff's vocational profile who is able to do light work with these additional restrictions [*see* restrictions in actual hypothetical at Tr. 61-62], can Boggs still perform any of her past work if you do not take into account the simple routine tasks associated with those jobs?  The Court cannot envision any circumstance in which such a question would be reasonable or even answerable.  Presumably, if the non-simple, non-routine tasks of a job could be performed, then the simple, routine tasks could be performed as well.

Likewise, the Court finds no merit in Plaintiff's argument that the VE's answers to the first and third hypothetical questions are inconsistent.  In the third hypothetical, the ALJ questioned whether Plaintiff would be able to do the past work contemplated in the answer to the first hypothetical *in addition to* "simple one- and two-step instructions and [the individual would be] able to understand and carry out detailed but uninvolved written or oral instructions involving a few concrete variables" (Tr. 67) (emphasis added).  The VE answered no (Tr. 67).  The ALJ was asking if Boggs was capable of performing work beyond the requirements of her past work, not whether she could perform "simple one- and two-step instructions" within the framework of her responsibilities as defined for those jobs.

5

This claim is without merit.

Boggs's second claim is that the ALJ did not make specific findings of fact as to the demands of her past work (Doc. 11, pp. 6-7). The Court notes that Plaintiff has the burden of proving that she cannot perform her past relevant work. *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987) (*citing Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)). With regard to a claimant's past work, the Eleventh Circuit Court of Appeals has held that

> [a]lthough a claimant bears the burden of demonstrating an inability to return to his past relevant work, the Secretary has an obligation to develop a full and fair record. *Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Where there is no evidence of the physical requirements and demands of the claimant's past work and no detailed description of the required duties was solicited or proffered, the Secretary cannot properly determine whether the claimant has the residual functional capacity to perform his past relevant work. *Nelms,* 803 F.2d at 1164.

*Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987).

The Court notes that, in a form completed for the Social Security Administration (hereinafter *SSA*), Plaintiff indicated that in her job as a medical records clerk she used machines, tools, and equipment that required technical knowledge and skills; she did not have to complete reports (Tr. 180). Boggs

6

indicated that she spent an hour day performing each of the following physical activities: walking, standing, sitting, stooping, kneeling, crouching, handling large objects, and reaching (Tr.181). Her job, essentially, was to lift and carry files to the file room everyday; she indicated that she frequently lifted up to twenty-five pounds (Tr. 181). Plaintiff did not supervise other people (Tr. 181). In a Work History form completed for the SSA, Boggs stated that her work as a file clerk was to streamline-print patient record files and carry them to where they needed to go; her full-day work required walking, standing, climbing, stooping, and crouching, with some sitting (Tr. 194). She frequently lifted ten pounds, with the heaviest amount reaching twenty pounds; she had to use machines, tools, and equipment and the work required technical knowledge and skills (Tr. 194). In a second job as file clerk, Plaintiff had the same duties and responsibilities, though she also had to kneel, handle objects, and write reports (Tr. 196). In this same report, Boggs described her work as a medical records clerk as requiring the same physical activities and responsibilities as the second of the two file clerk positions (Tr. 195). In a second job as a medical records clerk, Plaintiff indicated that she did the same work as in the first medical records clerk job but that she had to frequently lift twenty-five pounds (Tr. 197). In her testimony at the evidentiary hearing, Boggs stated

that her job required assisting the physician by posting dictation, faxing, and answering the phone (Tr. 45).

At the evidentiary hearing, the VE stated that one of Plaintiff's past jobs was as a file clerk and that its classification in the Dictionary of Occupational Titles was 206.387-034 (Tr. 61).[1] The VE stated that Boggs's other job was as a medical record clerk and that its classification was 245.362-010 (Tr. 61).[2]

The Court finds that the ALJ had sufficient information about Plaintiff's previous work duties and responsibilities to have made the determination that she was capable of returning to those jobs based on her residual functional capacity. The Court finds that the requirements of *Schnorr* have been satisfied. Boggs's claim otherwise is without merit.

Plaintiff has raised two claims in bringing this action. Both are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be

---

[1]*See* http://www.occupationalinfo.org/20/206387034.html
[2]*See* http://www.occupationalinfo.org/24/245362010.html

8

entered by separate Order.

DONE this 23rd day of May, 2014.

                                                  s/BERT W. MILLING, JR.
                                                  UNITED STATES MAGISTRATE JUDG